**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robyn P. Elam, | No. CV-19-04773-PHX-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Robyn P. Elam's ("Plaintiff") appeal of the Social Security Administration's ("Social Security") denial of her application for child's disability benefits. The Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. § 405(g). Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 11).

After reviewing the Administrative Record ("A.R.") and the parties' briefing (Docs. 23, 24, 30), the Court finds that the Administrative Law Judge's ("ALJ") decision is supported by substantial evidence and is free of harmful legal error. The decision is therefore affirmed.

# I. LEGAL STANDARDS

## A.  Disability Analysis:  Five-Step Evaluation

The Social Security Act (the "Act") provides for disability insurance benefits to those who have contributed to the Social Security program and who suffer from a physical or mental disability.  42 U.S.C. § 423(a)(1).  To be eligible for benefits based on an alleged disability, the claimant must show that he or she suffers from a medically determinable physical or mental impairment that prohibits him or her from engaging in any substantial gainful activity.  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(A)(3)(A).  The claimant must also show that the impairment is expected to cause death or last for a continuous period of at least 12 months.  *Id*.

The Social Security Act also provides disabled child's insurance benefits based on the earnings record of an insured person who is entitled to old-age or disability benefits or has died. 42 U.S.C. § 402(d); 20 C.F.R. § 404.350(a).  The definition of "disability" and five-step sequential evaluation outlined below governs eligibility for disabled child's insurance benefits.  *See* 42 U.S.C. § 423(d); 20 C.F.R. § 404.1520(a)(1)-(2).  In addition, in order to qualify for disabled child's insurance benefits several criteria must be met.  20 C.F.R. §§ 404.350(a)(1)-(5).  For instance, if the claimant is over 18, the claimant must "have a disability that began before [she] became 22 years old." 20 C.F.R. §§ 404.350(a)(5).

To decide if a claimant is entitled to Social Security benefits, an ALJ conducts an analysis consisting of five questions, which are considered in sequential steps.  20 C.F.R. § 404.1520(a).  The claimant has the burden of proof regarding the first four steps:[1]

> **Step One**:  Is the claimant engaged in "substantial gainful activity"?  If so, the analysis ends and disability benefits are denied.  Otherwise, the ALJ proceeds to Step Two.
>
> **Step Two:** Does the claimant have a medically severe impairment or combination of impairments?  A severe impairment is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R.

---

[1] *Parra v. Astrue*, 481 F.3d 742,746 (9th Cir. 2007).

§ 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied at this step. Otherwise, the ALJ proceeds to Step Three.

**Step Three:** Is the impairment equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity? 20 C.F.R. § 404.1520(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step of the analysis.

**Step Four:** Does the impairment prevent the claimant from performing work which the claimant performed in the past? If not, the claimant is "not disabled" and disability benefits are denied without continuing the analysis. 20 C.F.R. § 404.1520(f). Otherwise, the ALJ proceeds to the last step.

If the analysis proceeds to the final question, the burden of proof shifts to the Commissioner:[2]

**Step Five:** Can the claimant perform other work in the national economy in light of his or her age, education, and work experience? The claimant is entitled to disability benefits only if he or she is unable to perform other work. 20 C.F.R. § 404.1520(g). Social Security is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience. *Id.*

**B. Standard of Review Applicable to ALJ's Determination**

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). Although "substantial evidence" is less than a preponderance, it is more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197,

---

[2] *Parra*, 481 F.3d at 746.

- 3 -

229 (1938)).  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Id.*

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusions.  *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993).  If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination.  *See Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  This is because the ALJ, not the Court, is responsible for resolving conflicts and ambiguities in the evidence.  *Magallanes*, 881 F.2d at 750; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court also considers the harmless error doctrine when reviewing an ALJ's decision.  This doctrine provides that an ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination."  *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion") (citations omitted).

## II.  DISCUSSION

### A.  Procedural Background

Plaintiff filed an application for child disability benefits on November 14, 2007, based on an alleged disability onset date of June 1, 2007.  (A.R. 405-06).  To prevail on her claim Plaintiff must establish her disability prior to October 2010, the date when she turned 22 years old.  (A.R. 406, 421).

Plaintiff has appeared four times before ALJs for hearings on her claim.  (A.R. at 12-22, 402-21, 590-604, 616-32).  After her first hearing before an ALJ, Plaintiff filed an

action for judicial review with this Court.  This Court remanded Plaintiff's claim for further proceedings after finding that the ALJ erred in evaluating Plaintiff's claim.  (A.R. 538-66).

Plaintiff's present action arises out of her most recent hearing before an ALJ.  (A.R. 405-21).  On June 26, 2018 the ALJ issued an unfavorable decision regarding Plaintiff's claim, and on May 22, 2019, the Appeals Council adopted the ALJ's decision.  (A.R. 382-85, 405-21).  On July 22, 2019, filed a Complaint (Doc. 1) requesting judicial review and reversal of the ALJ's decision.

**B.  The ALJ's Application of the Five-Step Disability Analysis**

**1.  Step One: Engagement in "Substantial Gainful Activity"**

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since June 1, 2007, the alleged onset date.  (A.R. 408).  Neither party disputes this determination.

**2.  Step Two: Presence of Medically Severe Impairment/Combination of Impairments**

The ALJ found that Plaintiff has the following severe impairments: Asperger's syndrome, attention deficit hyperactivity disorder ("ADHD"), obsessive compulsive disorder, unspecified anxiety disorder, mood disorder, and obesity.  (A.R. 409).  This determination is undisputed.

**3.  Step Three: Presence of Listed Impairment(s)**

The ALJ determined that prior to attaining age 22, Plaintiff did not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security regulations.  (A.R. 409-11).  Neither party disputes the ALJ's determination at this step.

**4.  Steps Four and Five:  Capacity to Perform Past Relevant Work and Other Work Existing in the National Economy**

The ALJ found that Plaintiff has retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, except that Plaintiff is limited to occupations not performed in a fast-paced production environment and involving relatively few workplace changes.  (A.R. 411).  Based on the assessed RFC and the testimony of a

1    Vocational Expert ("VE"), the ALJ determined that Plaintiff is capable of performing her

2    past work as a door-to-door salesman.  (A.R. 420).  The ALJ made alternative findings at

3    Step Five that Plaintiff could perform other jobs that exist in significant numbers in the

4    national economy, such as office helper, housekeeper, and laundry worker.  (A.R. 420-21).

5    Plaintiff asserts that in making these determinations, the ALJ improperly discounted

6    Plaintiff's subjective symptom testimony and improperly assigned little weight to the

7    opinions of Plaintiff's treating psychiatrist and nurse practitioner.  (Doc. 23).

8    ### C. The ALJ Provided Clear and Convincing Reasons for Rejecting Plaintiff's Testimony Regarding Plaintiff's Alleged Impairments

9           When evaluating a claimant's testimony regarding subjective pain or symptoms, the

10   ALJ must engage in a two-step analysis.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.

11   2009).  In the first step, the ALJ must determine whether the claimant has presented

12   objective medical evidence of an underlying impairment "which could reasonably be

13   expected to produce the pain or other symptoms alleged."  *Lingenfelter v. Astrue*, 504 F.3d

14   1028, 1036 (9th Cir. 2007).  The claimant does not have to show that the impairment could

15   reasonably be expected to cause the severity of the symptoms.  Rather, a claimant must

16   only show that it could have caused some degree of the symptoms.  *Smolen v. Chater*, 80

17   F.3d 1273, 1282 (9th Cir. 1996).

18          If a claimant meets the first step, and there is no evidence of malingering, the ALJ

19   can only reject a claimant's testimony about the severity of his or her symptoms by offering

20   clear and convincing reasons that are supported by substantial evidence in the record.

21   *Lingenfelter*, 504 F.3d at 1036.  In evaluating a claimant's symptom testimony, the ALJ

22   can consider many factors including: a claimant's reputation for truthfulness, prior

23   inconsistent statements concerning the symptoms, unexplained or inadequately explained

24   failure to seek treatment, and the claimant's daily activities.  *Smolen*, 80 F.3d at 1284; *see

25   also* 20 C.F.R. § 404.1529(c)(4) (Social Security must consider whether there are conflicts

26   between a claimant's statements and the rest of the evidence).  In addition, although the

27   lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a

28   factor that the ALJ can consider in evaluating the testimony.  *Burch v. Barnhart*, 400 F.3d

676 (9th Cir. 2005); *see also* 20 C.F.R. 404.1529(c); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, but concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (A.R. 414-15). The ALJ explained that Plaintiff's "objective medical evidence, the effectiveness of treatment, and [Plaintiff's] activities of daily living, illustrate greater functional abilities than alleged. When evaluated, [Plaintiff's] subjective complaints appear inconsistent with the other evidence, including the clinical and objective findings of record, and fail to provide a sound basis for a finding of disability." (A.R. 414).

Plaintiff asserts that the ALJ's decision fails to explain how the medical evidence conflicts with Plaintiff's symptom testimony. (Doc. 23 at 20). However, an "ALJ's analysis need not be extensive[.]" *Brown–Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015). Immediately prior to and after stating that Plaintiff's testimony is not entirely consistent with the evidence, the ALJ summarized the relevant portions of the record that support that finding. The ALJ's decision does not require the Court to speculate as to the grounds for the ALJ's conclusion that Plaintiff's testimony conflicts with the medical evidence. *See Magallanes*, 881 F.2d at 755 ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion"); *Brown–Hunter*, 806 F.3d at 495 (court "cannot substitute [the court's] conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions. Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence."). While symptom testimony "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity" and disabling effects of the

1   symptoms. *Rollins*, 261 F.3d at 857 (citing 20 C.F.R. § 404.1529(c)(2)). The ALJ did not

2   commit harmful error in concluding that the medical evidence undermined

3   Plaintiff's testimony of the severity of her symptoms.

4       The ALJ's conclusion that "the effectiveness of treatment" indicates greater

5   functional abilities than alleged is supported by substantial evidence.  (A.R. 414).  As the

6   ALJ's decision recounts:  "Notably, the evidence indicates [Plaintiff] was able to focus on

7   medication and experienced no side effects (citing Ex. 2F/27, 22F/56, 22F/62)."[3]  (A.R.

8   413).  Impairments that can be "controlled effectively" by medication or treatment are not

9   considered disabling for purposes of determining eligibility

10  for Social Security benefits.  *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001,

11  1006 (9th Cir. 2006); *see also Morgan*, 169 F.3d at 599 (ALJ may discount claimant's

12  testimony on basis of medical improvement).  The Court finds that the ALJ did not commit

13  harmful error by discounting Plaintiff's symptom testimony on the ground that the record

14  showed her symptoms were controlled with treatment.

15      The ALJ further explained that Plaintiff's activities of daily living are inconsistent

16  with her allegations of disabling symptoms.  (A.R. 414).   An ALJ may discount a

17  claimant's testimony based on daily activities that either contradict the claimant's

18  testimony or that meet the threshold for transferable work skills.  *Orn v. Astrue*, 495 F.3d

19  625, 639 (9th Cir. 2007).  Here, the ALJ recounted that Plaintiff testified at the hearing that

20  her anxiety was related to getting into arguments with others, but Plaintiff previously stated

21  that she got along well with authority figures and had never been fired or laid off from a

22  job because of problems getting along with others.  (A.R. 414) (citing Ex. 3E).  The ALJ

23  also recounted Plaintiff's testimony that she was able to drive a car, go shopping for food,

24  clothes, toiletries, school supplies, and medication, as well as socialize with friends at

25  dinner or the movies two or three times per week.  (*Id.*).  In addition, the ALJ noted that

26

27         [3] Although the ALJ made this statement in a paragraph preceding the ALJ's

28  conclusion that the effectiveness of treatment undermined Plaintiff's symptom testimony, the Court is able to infer that the ALJ intended it to be a statement supporting that conclusion.

evidence indicated that Plaintiff could get ready for work on a routine basis, engage in many college student activities, and could live alone.  (A.R. 414) (citing Ex. 35F, 22F/58).  The Court finds that substantial evidence supports the ALJ's conclusion that Plaintiff's activities of daily living undermine Plaintiff's testimony concerning the severity of her symptoms.

The ALJ's analysis in this case is unlike the brief and conclusory analyses that the Ninth Circuit Court of Appeals has deemed insufficient in other cases.  For example, in *Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1102-03 (9th Cir. 2014), an ALJ stated in a single sentence that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment."   The Court of Appeals held that stopping after this introductory remark "falls short of meeting the ALJ's responsibility to provide a discussion of the evidence and the reason or reasons upon which his adverse determination is based."  *Id.* at 1103 (internal quotation marks omitted); *see also* 42 U.S.C. § 405(b)(1).  The Court further stated that an ALJ's "vague allegation that a claimant's testimony is not consistent with the objective medical evidence, without any specific findings in support of that conclusion is insufficient for our review."  *Id.* (quoting *Vasquez v. Astrue*, 572 F.3d 586, 592 (9th Cir. 2009).

In *Robbins v. Astrue*, 466 F.3d 880, 883-84 (9th Cir. 2006), the Court of Appeals found the ALJ's "fleeting credibility finding" insufficient.  In *Robbins*, the ALJ simply stated that (i) the claimant's testimony was "not consistent with or supported by the overall medical evidence of record" and (ii) "[claimant's] testimony regarding his alcohol dependence and abuse problem remains equivocal."  *Id.*  In discussing why the ALJ's finding was insufficient, the Court explained that the ALJ did not provide a "narrative discussion" containing "specific reasons for the finding . . . supported by the evidence in the record."  *Id.* at 884-85.

Similarly, in *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995), an ALJ simply concluded that the claimant's complaints were "not credible" and "exaggerated."  The

1  Court held that the finding was insufficient as the ALJ did not provide any specific reasons

2  for disbelieving the claimant other than a lack of objective evidence.  *Id.* at 834.

3      The ALJ's analysis in this case is more like the analysis in *Stubbs-Danielson v.*

4  *Astrue*, 539 F.3d 1169 (9th Cir. 2008).  In *Stubbs-Danielson*, the Ninth Circuit Court of

5  Appeals found that an ALJ sufficiently explained the reasons for discounting a claimant's

6  symptom testimony where the ALJ stated that:

7  > The claimant's allegations as to the intensity, persistence and
8  > limiting effects of her symptoms are disproportionate and not
9  > supported by the objective medical findings nor any other
   > corroborating evidence. The record reflects that the claimant
10 > has normal activities of daily living, including cooking, house
11 > cleaning, doing laundry, and helping her husband in managing
   > finances.
12 > * * *
13 > These activities tend to suggest that the claimant may still be
   > capable of performing the basic demands of competitive,
14 > remunerative, unskilled work on a sustained basis.

15 *Id.* at 1175.  The Ninth Circuit also found that the medical evidence, including the reports

16 of two physicians who assessed that the claimant could perform a limited range of work,

17 supported the ALJ's determination.  *Id.*

18     Here, unlike in *Treichler*, *Robbins*, and *Lester*, the ALJ goes beyond making a

19 "fleeting" and conclusory remark that Plaintiff's testimony is not credible.  The ALJ

20 discusses the inconsistencies in the medical evidence that he finds undermine Plaintiff's

21 testimony.  Like in *Stubbs-Danielson*, the ALJ's conclusion is also supported by the

22 opinions of reviewing and examining State agency consultants.  (A.R. 241-53, 285-97,

23 1417-27).

24     It is possible that a different ALJ would not have discounted Plaintiff's symptom

25 testimony.  But it is not the Court's role to second guess an ALJ's decision to disbelieve a

26 Plaintiff's allegations.  *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("An ALJ

27 cannot be required to believe every allegation of disabling pain, or else disability benefits

28 would be available for the asking. . . .").  The Court has concluded that all of the reasons

provided by the ALJ for discounting Plaintiff's testimony are specific, clear, convincing,

1   and are supported by substantial evidence in the record.  The Court therefore finds that the

2   ALJ did not err in discounting Plaintiff's testimony.

3   **D. The ALJ Provided Specific and Legitimate Reasons for Assigning Little**
4   **Weight to the Opinions of Treating Providers Augusta Roth, M.D. and**
    **JoEllen Butler, NP**
5
        **1.   Augusta Roth, M.D.**
6
7       In weighing medical source opinions in Social Security cases, there are three

8   categories of doctors: (i) treating doctors, who actually treat the claimant; (ii) examining

9   doctors, who examine but do not treat the claimant; and (iii) non-examining doctors, who

10  neither treat nor examine the claimant.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

11  An ALJ must provide clear and convincing reasons that are supported by substantial

12  evidence for rejecting the uncontradicted opinion of a treating or examining doctor.  *Id*. at

13  830-31; *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  An ALJ cannot reject a

14  treating or examining doctor's opinion in favor of another doctor's opinion without first

15  providing specific and legitimate reasons that are supported by substantial evidence, such

16  as finding that the doctor's opinion is inconsistent with and not supported by the record as

17  a whole.  *Bayliss*, 427 F.3d at 1216; 20 C.F.R. § 404.1527(c)(4) (an ALJ must consider

18  whether an opinion is consistent with the record as a whole); *see also Batson v. Comm'r of*

19  *Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Thomas v. Barnhart*, 278 F.3d 947,

20  957 (9th Cir. 2002); *Tommasetti*, 533 F.3d at 1041 (finding it not improper for an ALJ to

21  reject a treating doctor's opinion that is inconsistent with the record).

22      On February 12, 2010, Plaintiff's treating psychiatrist, Augusta Roth, M.D.,

23  completed a Medical Assessment.  (A.R. 373-74).  Dr. Roth opined that Plaintiff had

24  moderately severe impairments in her ability to relate to other people and to respond

25  appropriately to co-workers, respond to customary work pressures, and to perform complex

26  or varied tasks on a sustained basis in a workplace setting.  (*Id.*).  Dr. Roth also opined that

27  Plaintiff had a moderate restriction of daily activities,  moderate deterioration of personal

28  habits, moderate constriction of interests, and moderate impairment in her ability to

    perform repetitive tasks and understand, carry out, and remember instructions on a

1    sustained basis in a routine work setting.  (*Id.*).  Dr. Roth opined that Plaintiff had a mild

2    impairment in her ability to perform simple tasks on a sustained basis in a routine work

3    setting.  (A.R. 374).  As Dr. Roth's opinions are contradicted by other acceptable medical

4    sources,[4] the Court must determine whether the ALJ offered specific and legitimate reasons

5    for discounting Dr. Roth's assessment.

6         The ALJ assigned little weight to Dr. Roth's opinions, explaining that the opinions

7    "are inconsistent with the evidence as a whole."  (A.R. 415).  The ALJ explained that the

8    "record reveals that [Plaintiff] was consistently observed by Dr. Roth with normal

9    alertness, eye contact, clear speech, normal motor skills, appropriate affect, logical thought

10   processes and with intact cognitive ability (Ex. 2F/14, 2F/17, 2F/20, 2F/22, 2F/23, 2F/26,

11   2F/41, 2F/43, 2F/48)."  (*Id.*).  The ALJ further noted that Dr. Roth's examination notes

12   reflect normal findings even on the date Dr. Roth wrote two letters requesting that Arizona

13   State University grant Plaintiff a medical withdrawal from three of her classes.  (A.R. 415)

14   (citing Ex. 2F/7, 2F/8.  The ALJ then recounted additional inconsistences between Dr.

15   Roth's Medical Assessment and her treatment notes.  (A.R. 416).

16        Finding that a doctor's opinion is inconsistent with evidence or his or her treatment

17   notes is a valid reason for discounting the opinion.  *See Batson*, 359 F.3d at 1195 (ALJ may

18   discredit treating physicians' opinions that are conclusory, brief, and unsupported by

19   the record as a whole or by objective medical findings); *Thomas*, 278 F.3d at 957 ("The

20   ALJ need not accept the opinion of any physician, including a treating physician, if that

21   opinion is brief, conclusory, and inadequately supported by clinical findings."); *Valentine*

22   *v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 692–93 (9th Cir. 2009); *Rollins v.*

23   *Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ permissibly rejected treating

24   physician's opinion when opinion was contradicted by or inconsistent with treatment

25   reports); *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (a conflict between

26   treatment notes and a treating provider's opinions may constitute an adequate reason to

27   _____

28        [4] Dr. Roth's opinions are contradicted by the opinions of the State agency consulting
     psychologists.  (A.R. 241-53, 285-97, 1417-27).

1   discredit the opinions of a treating physician); *Connett v. Barnhart*, 340 F.3d 871, 875 (9th

2   Cir. 2003) (treating doctor's opinion properly rejected when treatment notes "provide no

3   basis for the functional restrictions he opined should be imposed on [claimant]").  The

4   Court finds that the ALJ's conclusion that Dr. Roth's Medical Assessment is unsupported

5   by Dr. Roth's treatment notes and the evidence in the record are specific and legitimate

6   reasons supported by substantial evidence in the record for discounting Dr. Roth's

7   opinions.  The Court does not find that the ALJ committed harmful error in assigning little

8   weight to Dr. Roth's opinions.

9              **2.   JoEllen Butler, NP**

10             Nurse practitioners are considered "other sources."  Opinions from "other sources"

11   can be accorded "less weight than opinions from acceptable medical sources."  *Gomez v.*

12   *Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996), *superseded by regulation on other grounds*

13   *as stated in Boyd v. Colvin*, 524 F. App'x 334 (9th Cir. 2013).  However, an ALJ must

14   provide  "specific  reasons  germane  to  each  witness  for  discounting  that

15   testimony." *Blodgett v. Comm'r of Soc. Sec. Admin.*, 534 F. App'x 608, 610 (9th Cir.

16   2013) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)); *Coffman v. Astrue*, 469

17   F.  App'x  609,  611  (9th  Cir.  2012)  ("Testimony  from  'other  sources,'  such

18   as nurse practitioners, can be disregarded for germane reasons."); *Rusten v. Comm'r of*

19   *Social Sec. Admin.*, 468 F. App'x 717, 720 (9th Cir. 2012) ("A nurse practitioner is an

20   'other source' for the purposes of medical testimony, and as such, his opinion cannot be

21   used to establish a medical impairment.  An ALJ can give less weight to an 'other source'

22   medical opinion by providing reasons germane to each witness for doing so.") (internal

23   citations and quotations omitted).

24             Plaintiff's treating nurse practitioner, JoEllen Butler, NP, completed Medical

25   Assessments in March 2016 and September 2017.  (A.R. 1385-88, 1430-33).  After

26   recounting NP Butler's opinions contained in her September 2017 Medical Assessment,

27   the ALJ explained that NP Butler's "treating notes do not reveal treatment prior to

28   September 2013 (Ex. 25F), which is approximately three years after the date by which

disability must be established.  Given that Ms. Butler's opinion did not provide insight into [Plaintiff's] conditions prior to the attainment of age 22, the undersigned affords little weight to this opinion."  (A.R. 418).

The opinions contained in NP Butler's Medical Assessments were not retrospective.  That is, they did not relate Plaintiff's alleged impairments back to the relevant time period.  An ALJ may reject a medical opinion, even that of a treating doctor, where "it was completed . . . years after claimant's date last insured and was not offered as retrospective analysis."  *Senter v. Astrue*, No. CV 10–165 PJW, 2011 WL 3420426, *3 (C.D. Cal. Aug. 4, 2011) (citing *Capobres v. Astrue*, No. CV 1:09–682–REB, 2011 WL 1114256, *5 (D. Idaho Mar. 25, 2011)); *see also Boucher v. Colvin,* 2013 WL 3778891, *2–3 (W.D. Wash. July 18, 2013) ("while post-[date last insured] evidence cannot be rejected solely as remote in time, it can be rejected on the grounds that the evidence itself is not retrospective") (citing *Capobres*, 2011 WL 1114256, at *5); *Shuff v. Berryhill*, No. 16-05579, 2017 WL 4224423, at *3 (W.D. Wash. Sept. 22, 2017) (holding that ALJ properly discounted opinion postdating DLI by two years which described claimant's symptoms "at this point" and explaining that "post-DLI opinions may be properly discounted where they do not have retrospective applicability").  The Court finds that the ALJ provided a germane reason supported by substantial evidence in the record for assigning little weight to NP Butler's September 2017 Medical Assessment.

As Plaintiff correctly observes (Doc. 23 at 31), the ALJ's decision does not discuss NP Butler's March 2016 Medical Assessment.  The Court, however, finds that this error is harmless as (i) the opinions in the March 2016 and September 2017 Medical Assessments are substantially the same and (ii) the ALJ's rationale for discounting NP Butler's September 2017 Medical Assessment also applies to the March 2016 Medical Assessment.  *See Hurn v. Saul*, 798 F. App'x 976, 978 (9th Cir. 2019) ("The ALJ's failure to evaluate Dr. Cunningham's 2012 report was harmless error because the ALJ reviewed Dr. Cunningham's 2014 report, the two reports were substantially the same, and the ALJ's reasoning would apply equally to both reports.") (citing *Molina,* 674 F.3d at 1115-1122).

### E. The ALJ Did Not Err by Assigning Significant Weight to the Opinions of Consulting Examiner Amanda Nellis, Ph.D.

On April 12, 2016, consulting psychologist Amanda Nellis, Ph.D. examined Plaintiff and reviewed Plaintiff's medical records. (A.R. 1417-28). Dr. Nellis opined that Plaintiff had no restrictions in her ability to understand, remember, and carry out simple instructions or to make judgments on simple work-related decisions. (A.R. 1426). Dr. Nellis also opined that Plaintiff had mild restrictions in her ability to understand, remember, and carry out complex instructions and to make judgments on complex work-related decisions, as well as mild restrictions in her ability to interact appropriately with the public, supervisors, co-workers, and to respond appropriately to usual work situations and to changes in a routine work setting. (A.R. 1427). The ALJ gave Dr. Nellis' opinions significant weight. (A.R. 418-19).

As discussed above, the ALJ provided valid reasons for discounting the more restrictive opinions of Dr. Roth and NP Butler. The ALJ reasonably found that the overall record and Plaintiff's reported level of functioning supports Dr. Nellis' opinions. The Court does not find that the ALJ committed harmful error in assigning significant weight to Dr. Nellis' opinions. *See Thomas*, 278 F.3d at 957 (holding that state agency physicians' determination was consistent with other evidence in the record, and constitutes substantial evidence supporting the ALJ's conclusion of non-disability); *Orn*, 495 F.3d at 632 ("when an examining physician provides independent clinical findings that differ from the findings of the treating physician, such findings are substantial evidence.") (internal quotation marks and citation omitted).

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** affirming the decision of the Commissioner of Social Security. The Clerk of Court shall enter judgment accordingly.

Dated this 22nd day of May, 2020.

_____
Eileen S. Willett
United States Magistrate Judge

- 15 -